# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| URBAN MCCONNELL, | |
| Plaintiff, | Case No. 2:12-cv-01601-RCJ-PAL |
| vs. | **ORDER** |
| WAL-MART STORES, INC., | (Mot for Prot. Ord - Dkt. #17) |
| Defendant. | (Mot for Addt'l Disc - Dkt. #20) |

Before the court is Defendant Wal-Mart Stores, Inc.'s Second Motion for Protective Order Limiting the Scope of Discoverable Materials Requested in Plaintiff's Second Set of Requests for Production (Dkt. #17), and Plaintiff's Countermotion for Additional Written Discovery (Dkt. #20). The court has considered both motions, Plaintiff's Opposition (Dkt. #19), Defendant's Opposition (Dkt. #23), Plaintiff's Reply (Dkt. #22), and Defendant's Reply (Dkt. #24).

Defendant seeks a protective order limiting the scope of Plaintiff's Request for Production Nos. 16, 17, 26, 31, and 36, arguing these requests are overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Wal-Mart also argues that the burden and expense of complying with these requests would far outweigh any likely or conceivable benefit. Defendant asserts that it has "proposed generous compromises" to resolve this dispute, but Plaintiff's counsel refuses to compromise whatsoever.

Plaintiff opposes the motion arguing Wal-Mart has spent more time objecting to Plaintiff's discovery than it has spent obtaining and producing responsive information. Plaintiff also argues that Wal-Mart has not met its burden under Rule 26(c) of the Federal Rules of Civil Procedure by demonstrating for each particular document that it seeks to protect, the prejudice or harm that will result if no protective order is granted. Plaintiff also argues that Wal-Mart has asserted boilerplate objections including privilege objections for which a privileged document log has not been produced.

Plaintiff's countermotion seeks an order allowing Plaintiff to serve in excess of the 25 interrogatories permitted by Fed. R. Civ. P. 33. Plaintiff served Wal-Mart with his first set of interrogatories on October 23, 2012, a second set on November 14, 2012, and a third set on December 20, 2012. Plaintiff claims that a total of 31 interrogatories have been served. However, Wal-Mart has refused to answer more than 25 interrogatories. Wal-Mart treated Interrogatory No. 15, which requested the basis for Defendant's denials of Plaintiff's request for admission as 10 interrogatories, taking the position no further answers were required.

Having reviewed and considered the moving and responsive papers,

**IT IS ORDERED** that:

1. Defendant Wal-Mart's Second Motion for Protective Order (Dkt. #17) is **GRANTED in part** and **DENIED in part,** as follows:

    a. At a hearing conducted on January 8, 2013, the court heard oral argument and considered the parties' disputes concerning the appropriate scope of discovery. Given the court's orders at that hearing, Wal-Mart's request for a protective order with respect to Request for Production Nos. 16 and 17 is **GRANTED**, subject to the court's order regarding the scope of permissible discovery at the January 8, 2013, hearing.

    b. Wal-Mart shall produce portions of the personnel files of Defendant's Safety Team Leader, the Asset Protection Coordinator, and the Responding/Investigating Manager employed by Wal-Mart at the time of the accident involved in this case (Request No 26) with respect to information in the personnel files related to each employee's computer-based learning history concerning safety, maintenance, accident response or investigation, and discipline or commendations for safety-related matters for three years prior to the date of the accident involved in this case.

    c. Wal-Mart's request for a protective order with respect to Request for Production No. 31 is **GRANTED**. Wal-Mart represents that it has no responsive documents related to the accident rating for the subject store. Plaintiff also requested the

accident rating for four other store numbers, one of which is located in Richmond, TX. The court finds that the likely benefit of this discovery is marginal at best, and will deny the request applying Rule 26(b)(2)(C).

      d.    Wal-Mart's request for a protective order is **GRANTED** with respect to Request No. 36 inasmuch as the court has already ordered Wal-Mart to produce the 77 incident files associated with each slip-and-fall claim identified in the three-year slip-and-fall claims run report, **unredacted, ( except for HIPAA information) but subject to a protective order that Plaintiff may not use the information for any purpose not related to this litigation.**

2.    Plaintiff's Countermotion for Additional Written Discovery (Dkt. #20) is **DENIED**.

3.    Any request for relief contained in the moving and responsive papers related to these two motions not specifically addressed in this order is **DENIED**.

Dated this 12th day of February, 2013.

_____
Peggy A. Leen
United States Magistrate Judge