# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| URBAN MCCONNELL,<br><br>                        Plaintiff,<br>vs.<br><br>WAL-MART STORES, INC.,<br><br>                        Defendant. | Case No. 2:12-cv-01601-RCJ-PAL<br><br>**ORDER**<br><br>(Mot. Compel - Dkt. #27)<br>(Countermot Ext Disc - Dkt. #30) |

Before the court is Plaintiff Urban McConnell's Motion to Compel (Dkt. #27). The court has considered the Motion (Dkt. #27), Wal-Mart's Opposition (Dkt. #28), and Plaintiff's Reply (Dkt. #29), and Countermotion to Extend Discovery (Dkt. #30).

Plaintiff seeks an order compelling Wal-Mart to disclose the names of three individuals working for Wal-Mart on the date of the slip-and-fall in this case: the store manager, safety team leader, and asset protection manager. Counsel for Plaintiff sent a letter to counsel for Wal-Mart requesting the names of each of these individuals and available dates and times for their depositions on March 26, 2013. Wal-Mart responded the following day in a letter indicating that Wal-Mart would produce identified employees for depositions, but could not agree to take the depositions of the store manager, safety team leader and asset protection manager who were not identified by the Plaintiff by name. Counsel for Plaintiff responded by letter indicating he would be forced to file a motion to compel if the information was not forthcoming.

Wal-Mart opposes the motion arguing the Plaintiff is attempting to compel discovery by informal requests for information which the Rules of Civil Procedure do not allow. Wal-Mart argues it us under no obligation to respond to informal requests for information. The court previously denied Plaintiff's motion for additional interrogatories February 13, 2013. Nevertheless, in an at tempt to

1  resolve this dispute counsel for Wal-Mart requested an explanation from Plaintiff about how the
2  depositions of these job-titled employees are discoverable.  After conferring with counsel for Plaintiff
3  regarding the bases for the depositions of the store manager and safety team leader, Wal-Mart agreed to
4  produce these individuals for deposition.  However, counsel for Plaintiff did not provide a reasonable
5  explanation why deposing the asset protection manager and market asset protection manager was
6  appropriate and Wal-Mart would therefore not agree to produce these individuals for deposition.  At
7  most, Plaintiff stated that he wanted to understand the roles of these individuals which is an insufficient
8  basis to compel their deposition testimony.  Counsel for Wal-Mart makes other arguments about
9  Plaintiff's lack of diligence in pursuing discovery in a timely manner in this case.

10       Plaintiff replies that Wal-Mart's opposition unfairly depicts his efforts to take discovery in this
11 case and accuses Wal-Mart of being the recalcitrant party.  Counsel for Plaintiff was recently advised by
12 opposing counsel that the store manager is currently on a leave of absence and will not be made
13 available for deposition until he returns.  At this time, when he will return is uncertain.  Plaintiff argues
14 that Wal-Mart should have disclosed the identity of these individuals in its initial Rule 26 disclosures,
15 and that a formal discovery request was not required.  The countermotion requests an extension of the
16 discovery cutoff to allow Plaintiff to depose the store manager who is on a leave of absence and the
17 other individuals named by title in the motion to compel.

18       This is one of many disputes in this contentious litigation the court has heard and decided.
19 Counsel for Plaintiff informally requested the names of employees identified by title March 26, 2013.
20 Plaintiff did not initially request the identification of the persons in these positions in written discovery
21 and was unable to send additional written discovery requests to opposing counsel because he had
22 already exceeded the number of interrogatories allowed by Rule 33. The court denied an earlier request
23 by Plaintiff to exceed the number of interrogatories permitted by Rule 33.   See Order (Dkt# 25).
24 However, in the same order the court compelled Wal-Mart to produce portions of the personnel files of
25 the Defendant's Safety Team Manager and Asset Protection Coordinator employed by Wal-Mart at the
26 time of the accident involved in this case responsive to request for production #26.

27       Plaintiff claims Wal-Mart should have disclosed the identities of these individuals in its initial
28 disclosure without a formal discovery request.  The court disagrees.  Rule 26(a)(1) requires a party to

1  provide to opposing counsel the name and, if known, the address and telephone number of each
2  individual likely to have discoverable information "that the disclosing party may use to support its
3  claims or defenses." *See* Fed. R. Civ. P. 26(a)(1)(A)(i).  The rule does not require counsel to anticipate
4  the witnesses' opposing counsel believes may have discoverable information based on opposing
5  counsel's liability or damages theories.  Rather, the rule requires disclosure of the witnesses a party may
6  use to support its claims or defenses.  A party who fails to disclose a witness as required by Rule 26(a)
7  or (e) is not permitted to use the undisclosed witness "to supply evidence on a motion, at a hearing, or
8  at trial unless the failure was substantially justified or harmless." Fed. R. Cv. P. 37(c)(1).  These are
9  witnesses Plaintiff wants information from in discovery.  Nothing in the record before the court
10 supports Plaintiff's argument they are witnesses supporting Wal-Mart's defenses.

11        Counsel for Plaintiff apparently did not regard the identification of these witnesses as essential
12 to the preparation of his case as he did not request their identities in formal discovery requests, or
13 request them informally until March 26, 2013.  The court granted the Plaintiff's request for an
14 additional 90 days beyond the 180 days deemed presumptively reasonable in which to complete
15 discovery in this case.  Plaintiff has therefore had more than enough time to take advantage of the
16 various discovery methods available under the rules.

17        On the other hand, Wal-Mart's initial refusal to provide the names of the store manager and
18 store safety team manager employed at the time of the incident to the Plaintiff on an informal request to
19 set their depositions, and insistence that it would only produce <u>identified</u> employees for depositions was
20 uncooperative in the extreme.  Surely Wal-Mart knew who these individuals were or could find out
21 with very little effort.   Counsel for Wal-Mart apparently reconsidered its initial position. After counsel
22 for Plaintiff explained to counsel for Wal-Mart why Plaintiff wanted the depositions of the individuals
23 identified by title, Wal-Mart agreed to produce its store manager and safety team leader for deposition,
24 and agreed to contact the store manager to obtain his availability for deposition in a letter to opposing
25 counsel on April 3, 2013.  The letter advised Plaintiff's counsel that the safety team leader is currently
26 employed out of state and would need to be deposed where he works and resides. On April 19, 2013,
27 counsel for Wal-Mart advised counsel for Plaintiff that the store manager was unavailable because he
28 was on a leave of absence, and that Wal-Mart "had no time frame" about when he would return.

However, Wal-Mart offered to make the store manager available for deposition upon his return. The letter also indicated the safety team leader was currently employed at a Wal-Mart store in Missouri, and that his deposition would need to be taken there. The court will require Wal-Mart to honor its offer to produce the store manager and safety team manager for deposition, but will not compel the additional depositions Plaintiff seeks.

**IT IS ORDERED** that:

1. Plaintiff's Motion to Compel (Dkt. #27) is **GRANTED** to the extent Wal-Mart shall make the store manager and safety team manager employed at the time of the incident involved in this case available for deposition before the close of discovery unless the store manager remains on a leave of absence which renders him unavailable.

2. If the store manager is unable to appear for deposition before the close of discovery on June 10, 2013, the parties have leave to take this single deposition outside the discovery cutoff.

3. The deposition of the safety team manager shall be taken in the state in which the witness lives and resides.

4. The Motion to Compel is **DENIED** in all other respects.

5. Plaintiff's Request for an Extension of the Discovery Cutoff (Dkt. #30) is **GRANTED** to the limited extent Plaintiff has leave to depose the store manager outside the discovery cutoff if the witness is unavailable because he remains on a leave of absence. The parties shall meet and confer to schedule the store manager's deposition within the discovery cutoff if possible, and if not, on the first available date following the June 10, 2013, discovery cutoff.

6. Counsel for Wal-Mart shall provide counsel for Plaintiff with weekly updates on the anticipated return date for the store manager.

Dated this 16th day of May, 2013.

_____
Peggy A. Leen
United States Magistrate Judge