UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| URBAN MCCONNELL,<br><br>   Plaintiff,<br><br> vs.<br><br>WAL-MART STORES, INC.,<br><br>   Defendant. | 2:12-cv-01601-RCJ-PAL<br><br>**ORDER** |

  This is a slip-and-fall case.  Pending before the Court is a Motion for Summary Judgment (ECF No. 32).  Because all parties who have appeared have stipulated to dismiss the punitive damages claim without prejudice, the Court denies the motion as moot.

**I. FACTS AND PROCEDURAL HISTORY**

  On or about December 10, 2010, Plaintiff Urban McConnell slipped, fell, and injured himself at the Wal-Mart store at 8060 W. Tropical Pkwy., Las Vegas, Nevada after an employee mopped the floor and left water thereupon without blocking access to the area or warning customers. (Compl. ¶¶ 5–9, Aug. 7, 2012, ECF No. 1-2).  Defendant removed and has now asked the Court to grant partial summary judgment as against the claim for punitive damages.

**II. SUMMARY JUDGMENT STANDARDS**

  A court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there

1  is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* A

2  principal purpose of summary judgment is "to isolate and dispose of factually unsupported

3  claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). In determining summary

4  judgment, a court uses a burden-shifting scheme:

5      When the party moving for summary judgment would bear the burden of proof at
    trial, it must come forward with evidence which would entitle it to a directed verdict
6      if the evidence went uncontroverted at trial. In such a case, the moving party has the
    initial burden of establishing the absence of a genuine issue of fact on each issue
7      material to its case.

8  *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations

9  and internal quotation marks omitted). In contrast, when the nonmoving party bears the burden

10 of proving the claim or defense, the moving party can meet its burden in two ways: (1) by

11 presenting evidence to negate an essential element of the nonmoving party's case; or (2) by

12 demonstrating that the nonmoving party failed to make a showing sufficient to establish an

13 element essential to that party's case on which that party will bear the burden of proof at trial. *See*

14 *Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary

15 judgment must be denied and the court need not consider the nonmoving party's evidence. *See*

16 *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

17     If the moving party meets its initial burden, the burden then shifts to the opposing party to

18 establish a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,

19 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party

20 need not establish a material issue of fact conclusively in its favor. It is sufficient that "the

21 claimed factual dispute be shown to require a jury or judge to resolve the parties' differing

22 versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d

23 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment

24 by relying solely on conclusory allegations unsupported by facts. *See Taylor v. List*, 880 F.2d

25 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and

1 allegations of the pleadings and set forth specific facts by producing competent evidence that
2 shows a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Celotex Corp.*, 477 U.S. at 324.
3      At the summary judgment stage, a court's function is not to weigh the evidence and
4 determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson*, 477
5 U.S. at 249.  The evidence of the nonmovant is "to be believed, and all justifiable inferences are
6 to be drawn in his favor." *Id*. at 255.  But if the evidence of the nonmoving party is merely
7 colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

8 **III.   ANALYSIS**

9      If the parties had not stipulated to dismiss the punitive damages prayer, the Court would
10 be inclined to grant the motion.  Plaintiff pleads a single cause of action for negligence and a
11 second putative cause of action for punitive damages under section 42.005.  Punitive damages
12 are not a cause of action, however, but a measure of damages.  That measure of damages can be
13 available under a negligence claim in some cases, but the prayer for punitive damages here does
14 not apply to the negligence claim, which is based upon Defendant's vicarious liability for its
15 employee's actions. (*See* Compl. ¶¶ 11–12).  Rather, the punitive damages prayer here is based
16 upon Defendant's own alleged negligence in hiring, training, or supervising its employees. (*See*
17 *id.* ¶ 17).  But Plaintiff has brought no claim for negligent hiring, training, or supervision, and the
18 Complaint alleges no fraud, malice, or oppression by the allegedly actively negligent
19 employee(s).

20 ///
21 ///
22 ///
23 ///
24 ///
25 ///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion for Summary Judgment (ECF No. 32) is DENIED as moot.

IT IS SO ORDERED.

Dated this 17th day of September, 2013.

_____
ROBERT C. JONES
United States District Judge