# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| URBAN MCCONNELL, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:12-cv-01601-RCJ-PAL |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| WAL-MART STORES, INC., ) | |
| ) | |
| Defendant. ) | |

This is a slip-and-fall case.  Pending before the Court are two Motions for New Trial (ECF Nos. 85, 86).  For the reasons given herein, the Court denies the motions.

## I.    FACTS AND PROCEDURAL HISTORY

Plaintiff Urban McConnell alleged that on or about December 10, 2010, he slipped, fell, and injured himself at the Wal-Mart store at 8060 W. Tropical Pkwy., Las Vegas, Nevada after an employee mopped the floor without blocking access to the area or warning customers. (Compl. ¶¶ 5–9, Aug. 7, 2012, ECF No. 1-2).  Defendant removed and moved for summary judgment as against the prayer for punitive damages.  Plaintiff stipulated to dismiss the prayer for punitive damages, and the Court therefore denied the motion as moot.  A jury rendered a verdict for Defendant.  Defendant has submitted a proposed take-nothing verdict, and Plaintiff has moved for a new trial.

## II.    LEGAL STANDARDS

After a jury trial, a district court may, upon motion, grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court . . . ." Fed. R. Civ. P. 59(a)(1)–(a)(1)(A).  Erroneous jury instructions are grounds for a new trial unless the error is harmless. *Murphy v. City of Long Beach*, 914 F.2d 183, 187 (9th Cir. 1990).

## III.    ANALYSIS

### A.    First Motion for New Trial

Plaintiff argues that the Court improperly instructed the jury as to the assumption of the risk doctrine, and that the error was not harmless.  The Court rejects this argument.  Plaintiff argues that the Court instructed the jury on the assumption of the risk doctrine as follows:

Defendant seeks to establish that Plaintiff assumed the risk of any injury he claims to have sustained in the incident:

In order to establish that Plaintiff assumed the risk, Defendant must prove, by a preponderance of the evidence, the following elements:

1.  That Plaintiff has actual knowledge of the risk

2.  That Plaintiff voluntarily exposed himself to the danger.

If you find that each of these elements has been proved, ***then Plaintiff may not recover for his injuries and your verdict should be for the Defendant***.  *If, on the other hand, you decide that any of these elements has not been proved, then the Defendant has not proved that Plaintiff assumed the risk.*

(Mot. New Trial 3:10–18, Mar. 27, 2014, ECF No. 85 (emphases added)).  But this is a misrepresentation.  The Court in fact instructed the jury as follows:

**ASSUMPTION OF RISK**

Defendant seeks to establish that Plaintiff assumed the risk of any injury he claims to have sustained in the incident.

In order to establish that Plaintiff assumed the risk, Defendant must prove, by a preponderance of the evidence, the following elements:

1.  That Plaintiff has actual knowledge of the risk
2.  That Plaintiff voluntarily exposed himself to the danger.

If you find that each of these elements has been proved, *then you may use Plaintiff's assumption of risk in determining whether Plaintiff was negligent.*

(Jury Instr. No. 23, ECF No. 72 (emphasis added)).  This is apparent both from the record and from the copy of the jury instructions Plaintiff himself attaches to his motion as Exhibit 1.

The Court's instruction was in accordance with Nevada law, under which the open and obvious nature of a hazard is no per se bar to recovery but is simply relevant to the issue of negligence.  The model jury instructions published by the State Bar of Nevada suggests the following instruction: "The owner or occupier of property is not liable to one injured on the property where the injury resulted from a danger which was obvious or should have been observed in the exercise of reasonable care." Nev. J.I. 8PML.3 (2011) (citing *Gunlock v. New Frontier Hotel Corp.*, 370 P.2d 682 (Nev. 1962)).  But the model instructions failed to note that even as of their publication in 2011 the open and obvious danger doctrine in Nevada applied only to the duty to warn, not to the duty to make safe generally. *See Harrington v. Syufy Enters.*, 931 P.2d 1378, 1381 (Nev. 1997).  Moreover, since the publication of the model instructions, the Nevada Supreme Court has abolished any remnant of a per se bar to recovery under an assumption of the risk doctrine. *Foster v. Costco Wholesale Corp.* 291 P.3d 150, 152 (Nev. 2012) ("[W]e hold that the open and obvious nature of a dangerous condition does not automatically relieve a landowner from the general duty of reasonable care.  The fact that a dangerous condition may be open and obvious bears on the assessment of whether reasonable care was exercised by the landowner.").

In landowner liability cases, the "assumption of the risk" doctrine is referred to as the "open and obvious danger" doctrine.  The *Gunlock* line of cases is therefore more appropriate to

apply in the present case than the general purpose assumption-of-the-risk cases Plaintiff cites in his motion.  But the result would be the same even if analyzed under that line of cases.

As Plaintiff notes, in Nevada, there are three kinds of assumption of the risk: (1) express assumption of the risk, which applies where there has been an express contractual release of a defendant's duty to a plaintiff, *Mizushima v. Sunset Ranch, Inc.*, 737 P.2d 1158, 1159 (Nev. 1987); (2) primary implied assumption of the risk, where a plaintiff impliedly assumes the risks inherent in a given activity such that an understanding that the defendant has no duty is imputed to the plaintiff, *Turner v. Mandalay Sports Entm't*, 180 P.3d 1172, 1177 (Nev. 2008); and (3) secondary implied assumption of the risk, where a plaintiff voluntary encounters a known risk created by a defendant's negligence, *Mizushima*, 737 P.2d at 1160.  Plaintiff correctly notes that evidence of express assumption of the risk is not at issue here.  Plaintiff then notes that the issue of whether primary assumption of the risk applies in a given case is a question of duty for the court, not a question of negligence for the jury. *See Turner*, 180 P.3d at 1177 ("Whether [the primary-assumption-of-the-risk] doctrine bars a plaintiff's claim should be incorporated into the district court's initial duty analysis, and therefore it should not be treated as an affirmative defense to be decided by a jury.").  Plaintiff argues that the Court therefore erred when it instructed the jury on the issue, and that the verdict in favor of Defendant could be attributable to the error.

Plaintiff offers alternative arguments as to how the Court's instruction led to error. Plaintiff argues that instructing the jury as to primary implied assumption of the risk would have been error, because that issue is for the court.  Plaintiff then argues that primary assumption of the risk does not apply to cases like the present one, because there is no good argument that a customer's entrance onto a retail premises implies that the customer agrees the landowner owes

him no duty of care, so the instruction must have been directed to the secondary assumption of the risk doctrine.  The Court agrees so far.  Plaintiff then argues that the Court's instruction, insofar as it was meant to be a secondary-implied-assumption-of-the-risk instruction, was in error because it in fact amounted to a primary-implied-assumption-of-the-risk instruction.  Here, the Court disagrees.

The instruction was intended to convey the open and obvious danger doctrine, as recently modified in *Foster*, which is the proper standard to be applied in landowner liability cases, and which is essentially the same as the general purpose secondary implied assumption of the risk doctrine in that the jury is to consider a plaintiff's actions as simply relevant to the negligence issue. *Compare Foster*, 291 P.3d at 156 (citing Restatement (Third) of Torts: Phys. & Emot. Harm § 51 cmt. k (2012)); *with Mizushima*, 737 P.2d at 1160 ("The third variety of implied assumption of risk involves an unreasonable encountering of a known risk, amounting to contributory negligence on the part of the plaintiff.  This type of situation would exist where a plaintiff takes an unnecessary and inexpedient shortcut to his destination, confronting known and hazardous obstacles along the course of the abbreviated route.").[1]  The Court's instruction in this case is not directed to "duty," but "negligence," and it does not state or imply any per se rule, but rather notes that the issue is simply relevant to negligence.  The only "error" in the instruction is that it refers to "assumption of the risk" as opposed to "open and obvious dangers."  But those phrases have no meaning to a jury as terms of art.  They mean to a jury only what a court tells the jury they mean, and the jury could not have accidentally imported the concept of a per se bar to liability or lack of duty that might have been triggered in the mind of a personal injury

---

1 The *Turner* Court overruled *Mizushima* only as to primary implied assumption of the risk, which is now construed to concern duty, not negligence, and which must now therefore be determined by the trial judge as a matter of law in Nevada.

attorney reading the instruction based upon the "assumption of the risk" language.  The Court's instruction as to the meaning of "assumption of the risk" here comported with the applicable open and obvious danger doctrine applicable in landowner liability cases like the present one.  If anything, the instruction was too strong in favor of Plaintiff, as it required Defendant to prove two elements before the jury could even consider the open and obvious danger issue as relevant to negligence.

Plaintiff next argues that there was no evidence adduced that could have supported the instruction as to the issue of secondary implied assumption of the risk.  But that is flatly untrue.  There was conflicting testimony concerning whether a cone was present where Plaintiff entered the aisle, where exactly it had been positioned, and whether it had been moved after the incident, but Jesus Flores—who testified through an interpreter—noted on cross-examination that there were caution cones in the center of the aisle at each end of the aisle where Plaintiff fell, both before and after he fell, and that they indicated "Caution - Wet Floor" and depicted a person slipping and falling. (*See* Trial Tr. 38–52, Feb. 19, 2014, ECF No. 80).  Plaintiff highlights Flores's testimony that he didn't place any cones, but that is consistent with his testimony that the cones were already in place when he arrived at the aisle (having presumably been placed by a co-worker).  Plaintiff also points out that Rosalind Citizen testified that a manager had moved a cone after the incident from the side of the aisle to the center of the aisle, closer to Plaintiff as he lay on the floor. (*See* Trial Tr. 11–18, Feb. 19, 2014, ECF No. 79).  But that testimony, even if believed—the jury was entitled to believe some testimony and disbelieve other testimony—tends to confirm that a cone was placed at the end of the aisle where Plaintiff entered it, just not in the center of the aisle, and the jury could have found that a cone on the side of the aisle, plus a cone in the center of the aisle at the other end of the aisle, plus an employee scrubbing the floor nearby

put Plaintiff on notice of the hazard.  There was easily sufficient testimony relevant to the open-and-obvious-danger/secondary-implied-assumption-of-the-risk doctrine to justify the disputed instruction.

### B.  Second Motion for New Trial

Plaintiff has filed a second motion based on newly obtained transcripts.  Plaintiff first argues based upon dialogue between the Court and the parties outside the presence of the jury. But the Court's and parties' comments in arguing the jury instructions are irrelevant to whether the jury instructions were themselves in error.  Second, Plaintiff argues that Defendant's closing argument improperly referred to the assumption of the risk instruction because there was no evidence adduced at trial that Plaintiff assumed the risk.  But, as noted, *supra*, that is not the case.

### CONCLUSION

IT IS HEREBY ORDERED that the Motions for New Trial (ECF Nos. 86) are DENIED.

IT IS FURTHER ORDERED that the Clerk shall enter the Proposed Judgment (ECF No. 84) and close the case.

IT IS SO ORDERED.

Dated this 17th day of April, 2014.

_____
ROBERT C. JONES
United States District Judge