# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

_____

|  |  |
|---|---|
| URBAN MCCONNELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No.: 2:12-cv-01601-RCJ-PAL |
| | ) |
| WAL-MART STORES, INC., | ) **ORDER** |
| | ) |
| Defendant. | ) |
| | ) |

_____

This is a slip-and-fall case. Pending before the Court is a Motion for Attorney's Fees (ECF No. 88). For the reasons given herein, the Court denies the motion.

## I.    FACTS AND PROCEDURAL HISTORY

Plaintiff Urban McConnell alleged that on or about December 10, 2010, he slipped, fell, and injured himself at the Wal-Mart store at 8060 W. Tropical Pkwy., Las Vegas, Nevada after an employee mopped the floor without blocking access to the area or warning customers. (Compl. ¶¶ 5–9, Aug. 7, 2012, ECF No. 1-2). Defendant removed and moved for summary judgment as against the prayer for punitive damages. Plaintiff stipulated to dismiss the prayer for punitive damages, and the Court therefore denied the motion as moot. A jury rendered a verdict for Defendant. Plaintiff moved for a new trial. The Court denied the motion (and a

1 supplemental motion).  Defendant has now moved for attorney's fees under state law based on

2 Plaintiff's pre-trial rejection of an offer of judgment.

3 **II.     LEGAL STANDARDS**

4          Rule 54 requires an award of costs to a prevailing party and permits attorney's fees to a

5 prevailing party if provided for elsewhere (by statute, rule, or contract). *See* Fed. R. Civ. P.

6 54(d).  Local Rules 54-1 and 54-16 contain procedural and evidentiary requirements.

7          A state statute permits reasonable attorney's fees and nontaxable costs based upon an

8 opponent's failure to accept an offer of judgment. *See* Nev. Rev. Stat. §  17.115(4)(d)(3).  The

9 state rules also permit such an award. *See* Nev. R. Civ. P. 68(f)(2).  Although section 17.115 and

10 Nevada Rule 68 are *Erie*-substantive, they can in some cases conflict with Federal Rule 68,

11 which governs the penalties for rejecting offers of judgment in federal court. *See Walsh v. Kelly*,

12 203 F.R.D. 597, 598–600 (D. Nev. 2001) (Reed, J.) (citing *Hanna v. Plumer*, 380 U.S. 460, 471–

13 72 (1965)).  Whereas the state rule permits both attorney's fees and otherwise nontaxable costs

14 against a party who obtains a judgment less favorable than an offer it rejected, the federal rule

15 permits only costs. *See id.* at 599; Fed. R. Civ. P. 68(d) ("If the judgment that the offeree finally

16 obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred

17 after the offer was made.").  Federal Rule 68 is not applicable on its own terms, however, where

18 the plaintiff who rejects an offer obtains no judgment at all. *Delta Air Lines v. August*, 450 U.S.

19 346, 352 (1981) ("In sum . . . it is clear that [Federal Rule 68] applies only to offers made by the

20 defendant and only to judgments obtained by the plaintiff.  It therefore is simply inapplicable to

21 this case because it was the defendant that obtained the judgment.").  In the present case, as well,

22 it is the Defendant offeror (Wal-Mart) who obtained the judgment.  Because Federal Rule 68

23 does not apply by its own terms under these circumstances, Nevada law controls.

In contrast to Federal Rule 68, section 17.115 permits an award of fees and nontaxable costs where the rejecting offeree fails to receive a more favorable judgment, regardless of whether the rejecting offeree receives any judgment at all. *See* Nev. Rev. Stat. § 17.115(4), (4)(c), and (4)(d)(3) ("[I]f a party who rejects an offer of judgment fails to obtain a more favorable judgment, the court . . . shall order the party to pay the taxable costs incurred by the party who made the offer; and . . . may order the party to pay to the party who made the offer . . . reasonable attorney's fees incurred by the party who made the offer for the period from the date of service of the offer to the date of entry of the judgment."). The Court has discretion whether to award fees and nontaxable costs under section 17.115, according to the following factors:

> (1) whether the plaintiff's claim was brought in good faith; (2) whether the defendants' offer of judgment was reasonable and in good faith in both its timing and amount; (3) whether the plaintiff's decision to reject the offer and proceed to trial was grossly unreasonable or in bad faith; and (4) whether the fees sought by the offeror are reasonable and justified in amount.

*Chavez v. Sievers*, 43 P.3d 1022, 1027 (Nev. 2007) (quoting *Beattie v. Thomas*, 668 P.2d 268, 274 (Nev. 1983)).

## III.   ANALYSIS

The Court denies the motion. The Court finds that Plaintiff's claim was brought in good faith. There was sufficient evidence at trial for the question of negligence to have been determined either way. Defendant's offer of judgment of $90,000 was reasonable,[1] and Plaintiff's rejection of the offer was not grossly unreasonable. The offer would have covered all of Plaintiff's past medical bills, but would not have covered claimed anticipated future bills. Plaintiff's choice to reject the offer was not grossly unreasonable, because there was sufficient

---

[1] Defendant alleges on page one of its motion that it made an offer of judgment of $90,000 on January 7, 2014, and it alleges on page two of the same motion that the offer was for $25,000. The offer of judgment attached, however, indicates that it was for $90,000.

evidence for the jury to have found Wal-Mart negligent and to have awarded Plaintiff non-economic damages significantly exceeding the amount of the offer.  Finally, the Court finds that $10,963 in fees is reasonable and justified both as to rates and hours, as detailed in Attorney Hajimirzaee's attached declaration.  As Defendant notes, the rates are in fact below-market.  If the Court were to award fees, it would accept the proffered lodestar and would not adjust up or down therefrom.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Attorney's Fees (ECF No. 88) is DENIED.

IT IS SO ORDERED.

Dated:  This 28th day of May, 2014.

_____
ROBERT C. JONES
United States District Judge

4 of 4